UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bruce Goodman<br>222 Church Street, Apt. 3-D<br>Philadelphia, PA 19106<br><br>         Plaintiff,<br>   v.<br><br>Bank of America<br>s/i/i/t Merrill Lynch<br>3021 Prosperity Church Road<br>Charlotte, NC 28269<br><br>   And<br><br>Merrill Lynch Wealth Management<br>d/b/a Bank of America and/or<br>Merril Lynch & Co, Inc.<br>1650 Market St.<br>Philadelphia, PA 19103<br><br>   And<br><br>Merrill Lynch & Co, Inc.<br>d/b/a Bank of America<br>Four World Financial Center<br>250 Vesey St.<br>New York, NY 10080<br><br>   And<br><br>Robert J. Bowman<br>d/b/a Snowden Capital Advisors LLC<br>660 Madison Avenue<br>14th Floor<br>New York, NY 10065<br><br>   And<br><br>Michael J. Haberman<br>Merrill Lynch and/or Bank of America<br>8380 Old York Rd.<br>Suite 400<br>Elkins Park, PA 19027 | NO.: |

|  |  |
|---|---|
| And | : |
|  | : |
| John P. Rufo | : **JURY TRIAL DEMANDED** |
| d/b/a Merrill Lynch and/or | : |
| Bank of America | : |
| 1650 Market St. | : |
| Philadelphia, PA 19103 | : |
|  | : |
| And | : |
|  | : |
| John Does 1-10 | : |
|  | : |
| Defendants. | : |

## CIVIL ACTION COMPLAINT

### I.  Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. § 1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to Plaintiff's claims occurred in this District.

3. All conditions precedent as to the below causes of action have been satisfied.

### II.  Parties

4. Plaintiff, Bruce Goodman, is an adult individual residing at the above-captioned address.

5. Defendant, Robert J. Bowman, is an individual formerly doing business as Merrill Lynch Wealth Management, now doing business as Snowden Capital Advisors LLC, who at all times material herein, acted individually, an/or as an employee, owner, and/or doing business as Defendants, Bank of America and/or Merrill Lynch & Co, Inc., corporations, duly organized under the laws of the State of Delaware with

registered offices located in Philadelphia. Defendant Bowman was Plaintiff's complex supervisor.

6. Defendant, Bank of America, is a corporation, duly organized under the laws of the State of Delaware and has a principal place of business located at the above-captioned address, a successor in interest to Defendant, Merrill Lynch & Co, Inc.

7. Defendant, Merrill Lynch Wealth Management, now doing business as Defendant, Bank of America, is duly organized under the laws of the State of Pennsylvania and has a principal place of business located at the above-captioned address.

8. Defendant, Merrill Lynch & Co, Inc., now doing business as Defendant, Bank of America, is duly organized under the laws of the State of Delaware and has a principal place of business located at the above-captioned address.

9. Defendant, Michael J. Haberman, is an individual doing business at the above captioned address, who at all times material herein, acted individually, and/or as an employee, owner, and/or doing business as Defendants, Bank of America and/or Merrill Lynch & Co, Inc., corporations duly organized under the laws of the State of Delaware with registered offices located in Philadelphia. Defendant Haberman was one of Plaintiff's supervisors.

10. Defendant, John Rufo, is an individual doing business at the above captioned address, who at all times material herein, acted individually, and/or as an employee, owner, and/or doing business as Defendant Bank of America and/or Merrill Lynch & Co., Inc., corporations duly organized under the laws of the State of Delaware with registered offices located in Philadelphia.

11. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### III. Operative Facts

12. On or around March 19, 2012, Plaintiff was employed by Merrill Lynch Wealth Management as a Financial Advisor in the Practice Management Development Program.

13. On or around February 10, 2012, Plaintiff was interviewed by Defendants, Michael Haberman and John Doe, as well as Margaret Quinn.

14. During the interview, Haberman questioned why Plaintiff would be interested in the Practice Management Development Program.

15. Defendant Haberman informed Plaintiff that "he was not sure if he could keep up with guys half his age."

16. Plaintiff was hired for the position.

17. Around October 2012, Plaintiff suffered a serious back injury that required emergency medical treatment at Jefferson Hospital.

18. On or around October 24, 2012, Plaintiff emailed Defendant Robert Bowman explaining the nature of his injury.

19. Plaintiff had three (3) herniated discs and a degenerative disc disease in his lower back.

20. Plaintiff returned to work after two (2) weeks and was requested to provide a doctor's note proving that he had a back injury and was permitted to be at work.

21. Plaintiff acquired the doctor's note and was subsequently informed to contact Employee Benefits/Human Resources.

22. Plaintiff spoke with Employee Benefits/Human Resources.

23. Plaintiff was informed by Defendants that if he was taking pain medication that he could not remain in the office.

24. Around December 2012, Plaintiff met with Defendant Haberman who informed him that if he did not reach certain performance hurdles he would be fired by Defendant Bowman.

25. At that meeting, Plaintiff made it clear to Haberman that he was having difficulty doing his job because of the back pain, suffering from depression and had started having severe migraine headaches and anxiety.

26. Plaintiff requested reasonable accommodations such as the opportunity to work outside the office.

27. Haberman was unsympathetic and recommended that Plaintiff perform stretching exercises.

28. On or around January 18, 2013, Plaintiff met with Bowman to discuss his job performance.

29. Bowman informed Plaintiff that he was not meeting performance hurdles and would be placed on probation in May if he was below the target performance level.

30. Bowman also informed Plaintiff that he would terminate Plaintiff after May 2013 if Bowman desired.

31. Plaintiff met with Bowman once again to discuss his progress and re-explained to him that he was suffering from extreme anxiety, depression, sleeplessness, and debilitating migraine headaches.

32. At that time, Defendant Bowman suggested Plaintiff quit.

33. Plaintiff signed a contract agreeing to pay Defendant Bank of America twenty five thousand dollars ($25,000.00) if he left Merrill Lynch for any reason within three (3) years of employment.

34. Around April 2013, Plaintiff missed work due to severe migraines.

35. Plaintiff informed Haberman about the migraines and was told to seek medical attention.

36. Around May 31, 2013, Bowman summoned Plaintiff to his office and a heated argument erupted regarding Plaintiff's performance.

37. At that time, Bowman placed Plaintiff on probation. Due to Plaintiff's belief of being fired and having to pay twenty five thousand dollars ($25,000.00), Plaintiff signed a final written warning form.

38. Bowman also informed Plaintiff that he would fire him at any time within the next three (3) months if he did not improve.

39. Around September 3, 2013, Plaintiff met with Defendant Rufo to express his complaints with the workplace treatment and to initiate an interactive process.

40. Around September 4, 2013, Defendant Bowman terminated Plaintiff's employment.

41. Plaintiff now supports himself and his son through Social Security Disability payments.

42. As a result of Defendants' conduct, Plaintiff has suffered severe financial and emotional damage.

## COUNT I
### 42 U.S.C.A. § 12203(a), §12101 et seq. – Americans with Disabilities Act

43. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

44. Defendants were aware of Plaintiff's disability and did not provide Plaintiff with reasonable accommodations.

45. Plaintiff suffered discrimination and harassment because of his aforementioned disability.

46. Plaintiff suffered harm due to Defendants' conduct.

## COUNT II
### 42 U.S.C.A. § 12203(a) – ADA Retaliation

47. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

48. Defendants retaliated against Plaintiff for opposing the aforesaid discrimination and harassment in the workplace.

49. Plaintiff suffered harm due to Defendants' conduct.

## COUNT III
### 42 P.S. § 951, et seq. – Pennsylvania Human Relations Act

50. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

51. Defendants' discriminatory actions aforesaid also violated the PHRA.

52. Defendants, in conspiracy with and/or by aiding and abetting Defendants in the doing of unlawful discriminatory practices because of Plaintiff's disability.

53. Plaintiff suffered harm due to Defendants' conduct.

## COUNT IV
## 42 U.S.C. § 1981(a), et seq.

54. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

55. Plaintiff is a member of a class protected by 42 U.S.C. § 1981.

56. The conduct of Defendants, its agents and employees, constitutes unlawful discrimination against Plaintiff on the basis of disability, in violation of 42 U.S.C. § 1981(a), et seq.

57. Plaintiff suffered harm due to Defendants' conduct.

WHEREFORE, Plaintiff demands judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of seventy-five thousand ($75,000.00) dollars, statutory, punitive, and compensatory damages, injunctive relief, together with interests and costs and other such and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

Plaintiff additionally prays to be compensated with a rate of pay and other benefits and emoluments of employment to which he should have been entitled had he not been subjected to the aforesaid, including but not limited to, an award of front, back and lost pay, compensatory damages for future pecuniary loss, and for such other and further relief as this Honorable Court deems just and proper.

WEISBERG LAW

Matthew B. Weisberg, Esq.
Chad B. Gordon, Esq.
Attorneys for Plaintiff